Robinson v Lowman (2020 NY Slip Op 07476)





Robinson v Lowman


2020 NY Slip Op 07476


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 160589/18 Appeal No. 12590-12590A Case No. 2020-02120 2020-02355 

[*1]Latoya Robinson, Plaintiff-Respondent,
v
Benjamin Lowman et al., Defendants, Motor Vehicle Accident Indemnification Corp., Defendant-Appellant.


Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for appellant.
Friedman & Simon, L.L.P., Jericho (John G. Papadopoulos of counsel), for respondent.



Orders, Supreme Court, New York County (Adam Silvera, J.), entered on or about September 3, 2019, and on or about February 3, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to deem her notice of claim timely and, upon reargument, directed defendant Motor Vehicle Accident Indemnification Corp. (MVAIC) to file an answer on behalf of defendant Howley, unanimously affirmed, without costs.
The court correctly determined that plaintiff timely filed a notice of intention to make a claim with MVAIC (see Insurance Law § 5208[a][3]). It is undisputed that plaintiff was struck by a vehicle operated by defendant Lowman on August 9, 2017, and on August 16, 2017 completed MVAIC's notice of intention to make a claim. The vehicle, owned by defendant Howley, had been reported stolen the day before the accident. By letter dated September 22, 2017, and addressed to the law firm representing plaintiff, Howley's insurance carrier, GEICO, disclaimed all liability or obligation to plaintiff in connection with the accident on the ground that Lowman did not have permission to drive the vehicle. The letter was faxed by GEICO to plaintiff's counsel on April 25, 2018. Plaintiff's counsel asserts that his office never received the letter disclaiming coverage before April 25, 2018. Plaintiff filed the notice of claim on May 9, 2018, 14 days after the fax was received. Contrary to MVAIC's contention, the 180-day period in which plaintiff's notice of claim was required to be filed commenced not on the date of the letter disclaiming coverage but on the date on which the letter was received (Insurance Law § 5208[a][3][B]). "[I]t would be inconvenient to narrow the interpretation of the statute, because plaintiff is an innocent victim" (Henry v Phelps, 171 AD3d 520, 521 [1st Dept 2019]).
Although GEICO had previously appeared for Howley, MVAIC was properly directed to file an answer on behalf of both defendants in light of the disclaimer of coverage by GEICO. In fact, the disclaimer of coverage letter specifically stated that GEICO "will take no further action with respect to this claim and hereby withdraws from the matter entirely."
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020